## Fogleman Appeal

*Horace J. Culberston, Robert Kane* and *Michael Opake*, for appellant.

*Harold F. Kerchner*, for county board of elections.

*John Shumaker*, for Lester R. Zimmerman.

CRYTZER, P. J., December 22, 1964.—We will proceed to take up these appeals in the order of their listing. We will first consider D. Leroy Suloff.

FACT

We find herein that Mr. Suloff applied for an absentee ballot because of illness or physical disability

which we will hereinafter refer to as "2". We also observe this statement "If reason '2' is checked above complete the following: I declare the nature of my disability or illness is ——————— and the name of the attending physician is ———————."

This ballot was rejected according to the notes of testimony because of the failure to comply with the requirement of disclosing what the nature of disability or illness is and the failure to name the physician.

We find as a fact that Mr. Suloff neither listed the nature of his illness or disability or the name of his attending physician.

The requirement on the return is not completed and we therefore sustain the holding of the election board and decree that this ballot shall not be counted.

The registration card of Lavina Page shows her signature to be in writing. The application for an absentee ballot shows her signature to be in writing. The absentee elector's declaration has no written signature as required by law but merely a printed signature.

The front of the envelope gives a return address of the elector by signature in the area reserved for a return address. This latter element, when compared with the application for the ballot and the registration, may enable the election board to determine that the elector has, in fact, put her signature and return address on the outside of the envelope. However, when one goes to the polling place to vote he must execute and sign a declaration which includes the statement that the voter is a resident of a certain municipality and that he has not already voted in this particular primary or election. These latter two elements are incorporated in the absentee elector's declaration. If the elector fails or refuses to attach his or her signature, then such elector has not completed the declaration as required by law of all voters.

## DECREE

Under the above facts, the action of the Board of Election of Juniata County is sustained and the appeal of Lavina Page is dismissed.

The situation with respect to Pauline Haubert is identical with that in the Lavina Page ballot with the exception that the name of the elector is printed in the line reserved for her mark being under the section which provides for her inability to sign her declaration. There is the additional difference here that the name of Pauline Haubert under the return address is printed and not a signature as determined by a comparison with her application for an absentee ballot and her registration.

Pauline Haubert has not attached her signature to the envelope at any place in the absentee elector's declaration.

The decision of the Election Board of the County of Juniata is sustained and the appeal is dismissed insofar as the validity of the ballot of Pauline Haubert is concerned.

John McFadden, Jr., applied for and received an absentee ballot. He appeared in the County of Juniata at approximately 7 p. m. and attempted to vote in person at his municipality. This was refused inasmuch as he had issued to him an absentee ballot. The county board refused to count his absentee ballot in accordance with section 1306 of the Act of June 3, 1937, P. L. 1333, as amended by the Act of August 13, 1963, P. L. 707, 25 PS §3146.6. The latter prohibits the counting of an absentee ballot if the elector is within the county while the polls are open election day. His appeal is to the court of common pleas.

The action of the County Board of Elections of Juniata County is sustained and the appeal on the ballot of John McFadden, Jr., is refused.